**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, individually and on behalf of others similarly situated, and on behalf of Cameroon Association of Victims of Ambazonia Terrorism, a foreign nonprofit corporation; JOHN DOE; DOES 1-1,000,<br><br>Plaintiffs,<br><br>vs.<br><br>AMBAZONIA FOUNDATION, INC., AMBAZONIA CONSULTING, INC., AMBAZONIA RELIEF FUND INC., AMBAZONIA RECOGNITIONS COLLABORATIVE COUNCIL (AARC) INC., SOUTHERN CAMEROON RELIEF FUND LTD., AMBAZONIA BROADCASTING CORPORATION, AMBAZONIA INTERIM GOVERNMENT, MORISC, ERIC TANO TATAW, AND DOES 1-1000,<br><br>Defendants. | Case No.: CV 19-03084 CBM<br><br>**ORDER RE: MOTION FOR DEFAULT JUDGMENT**<br><br>[22] |

1

The matter before the Court is Plaintiffs Jane Doe, individually and on behalf others similarly situated, and on behalf of Cameroon Association of Victims of Ambazonia Terrorism, and John Doe's application for default judgment and injunction against Defendant Eric Tano Tataw ("Defendant"). (Dkt. No. 22.) Defendant has not filed an opposition or appeared in this action.

## I. ALLEGATIONS OF THE COMPLAINT

Cameroon is a bilingual country, in which roughly 20% of the population speaks English and 80% speaks French. (Compl. at p. 2:4-24.) "Ambazonia" is a region in Cameroon in which Anglophone separatists have formed Defendant Ambazonia Interim Government, a violent separatist group which resorts to terroristic acts to achieve its goals. (Id. ¶ 7.) Defendant Eric Tano Tataw, an individual who resides in Maryland, is purportedly a leader amongst the Ambazonia groups, and uses Internet resources to order fighters in Cameroon to kill and maim civilians who oppose the separatist movement. (Id. ¶ 30.) Plaintiff alleges the defendant corporations provide financing and support to terrorist groups in Cameroon and provide a medium in which Defendant can command Ambazonia separatists. (Id. ¶ 54.)

Plaintiff Jane Doe is a U.S. citizen, residing in Los Angeles County, whose family and business are in Cameroon. (Id. ¶ 16.) She alleges her employees in Cameroon were beaten and maimed by members of the Ambazonia group. (Dkt. No. 22 at p. 5:10-17.) Plaintiff John Doe is a national of Cameroon. (Compl. ¶ 17.) He alleges his common law wife was killed by armed separatists. (Dkt. No. 22 at p. 5:18-25.)

Plaintiffs assert the following eleven causes of action against Defendant:
    1. Personal Injury Damages Pursuant to the Anti-Terrorism Act;
    2. Personal Injury Damages Pursuant to the Alien Tort Claims Act;
    3. RICO, 18 U.S.C. § 1962(C);

4. RICO Conspiracy, 18 U.S.C. § 1962(D);
5. Liability For Aiding and Abetting Acts of International Terrorism Pursuant to 18 U.S.C. §§ 2333(a) and 2339a;
6. Liability for Conspiring in Furtherance of Acts of International Terrorism Pursuant to 18 U.S.C. § 2333(a) and 19 U.S.C. § 2339a;
7. Provision of Material Support to Terrorists in violation of 18 U.S.C. § 2339a;
8. Negligent infliction of emotional distress;
9. Provisions of financing terrorism in violation of 18 U.S.C. § 2339C(a);
10. Provision of funds from within USA to place outside USA for an unlawful activity, 18 U.S.C. § 1956; and
11. Violation of the expedition against friendly nation, 18 U.S.C. § 960.

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under Anti-Terrorism Act and RICO statutes.[1]  A district court "has an affirmative duty" to determine whether it has personal jurisdiction over the defendant before entering a default judgment. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  When considering a motion for default judgment, the court "may dismiss an action *sua sponte* for lack of personal jurisdiction." *Id.*

---

[1] The Court does may not have subject matter jurisdiction of the claims brought under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, which does not expressly provide any causes of action. *See Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 115 (2013).  Because the ATS is not extraterritorial, subject matter jurisdiction is proper only if the action "involves a domestic application of the statute." *Doe v. Nestle, S.A.*, 906 F.3d 1120, 1125 (9th Cir. 2018), *amended on other grounds*, 929 F.3d 623 (9th Cir. 2018).

### III. DISCUSSION

Generally, upon entry of default, the well-pleaded allegations of the complaint related to a defendant's liability are taken as true, except allegations as to the amount of damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Complaint alleges Defendant "is a resident of Hyattsville, Maryland," and is thus a non-resident of this forum. (Dkt. No. 5 (Compl.) at ¶ 30). A federal court may exercise personal jurisdiction over a non-resident defendant if two inquiries are satisfied: (1) whether a state statute permits service of process on the defendant, and (2) whether the assertion of personal jurisdiction comports with constitutional due process. *See Daimler AG v. Bauman*, 571 U.S. 117, 126-127 (2014). Because California's "long-arm" statute allows personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States," Cal. C. Civ. P. § 410.10, the two prongs of this analysis are the same: whether the exercise of personal jurisdiction comports with due process. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

"Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quotation marks and citation omitted) Based on the strength of those contacts, personal jurisdiction may be either general or specific. *Id.* General jurisdiction arises when the nonresident defendant's activities in the forum state are "substantial" or "continuous and systematic" such that jurisdiction is appropriate in all matters, while specific jurisdiction arises when a nonresident defendant's specific contacts with the forum state give rise to the cause of action. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414-416 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050-1051 (9th Cir. 1997).

### 1. General Jurisdiction

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, Plaintiffs allege Defendant resides in Maryland, and do not allege he is domiciled in this forum. Accordingly, this Court concludes Defendant is not subject to general jurisdiction in California.

### 2. Specific Jurisdiction

For a court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum. *Bristol-Meyers Squibb Co. v. Superior Ct.*, 137 S.Ct. 1773, 1781 (2017). The Ninth Circuit adopts a three-prong test to determine whether a court has specific jurisdiction over a defendant:

> (1) The defendant must either "purposefully direct his activities" toward the forum or purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Foods Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). If Plaintiffs meet their burden of proving the first two prongs, then the burden shifts to Defendant to "present a compelling case" why the exercise of jurisdiction would not be reasonable. *Id.* (citation omitted) In a tort case, such as this one, the court employs the "purposeful direction test," which requires Defendant to have: "(1) committed an intentional act, (2) expressly aimed at the forum, (3) causing harm that defendant knows is likely to be suffered in the forum state." *Id.* (citation omitted)

Here, the Complaint fails to satisfy the "purposeful direction" test. Plaintiffs allege Defendant used Internet resources to direct separatists in

5

Cameroon to inflict violence on the populace, which resulted in the deaths of an employee of Jane Doe and the wife of John Doe. (Compl. ¶ 30.) Plaintiffs allege Defendant appeared in an online video directing separatists to kill individuals seeking to participate in a festival in Limbe, Cameroon, which resulted in the death of John Doe's wife and an employee of Jane Doe at the hands of separatists. (Id. ¶ 58.) Additionally, Defendant allegedly appeared in a series of online videos, in which he ordered a curfew that resulted in the inability of Jane Doe's employees to attend work. (Id. ¶ 59.) Plaintiffs do not allege where Defendant was located when he allegedly ordered retribution against the people of Cameroon, and the videos were expressly aimed at individuals located Cameroon. Therefore, the Complaint fails to allege that Defendant purposefully directed his activities toward California, or that he purposefully availed himself of the privilege of conducting activities in California. Furthermore, the Complaint contains no allegations that Defendant knew harm would likely to be suffered in California, and the Complaint indicates Defendant intended to cause harm in Cameroon.

Indeed, the Complaint is devoid of any allegations related to the activities of Defendant in California. Plaintiffs allege Defendant provided support and direction to separatists but do not allege Defendant engaged in those activities in California, and the ensuing violence and destruction occurred in Cameroon. Therefore, Plaintiffs' claims do not arise out of or relate to Defendant's forum-related activities.

///
///
///
///
///
///

## IV. CONCLUSION

The Court **DENIES WITHOUT PREJUDICE** the motion for default judgment because it appears this Court lacks personal jurisdiction over Defendant Eric Tano Tataw based on the allegations of the Complaint. Plaintiffs are ordered to show cause why this Court should not dismiss the Complaint for lack of personal jurisdiction over the Defendants. Plaintiffs are further ordered to show cause why this Court has subject matter jurisdiction for the cause of action under the ATS, 28 U.S.C. § 1350. Plaintiffs must file a response to the order to show cause no later than June 17, 2020.

**IT IS SO ORDERED.**

DATED: June 3, 2020

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE